Simons, J.
(dissenting). The majority’s effort to define what is and what is not a “dangerous knife” within the meaning of section 265.05 of the Penal Law is understandable, but doing so by reference to the conduct and intent of the possessor is unwarranted. I, therefore, dissent and vote to affirm.
The statute makes it a crime for a person under 16 years of age to possess a “dangerous knife”. The term is undefined and almost beyond salvage by judicial construction because all knives are dangerous. The majority has construed the statute to define the crime by reference to defendant’s subjective intent, “the possessor himself considered it a weapon”, and by his behavior subjectively evaluated, a demonstrated “disposition to violence and criminal activity” (pp 591, 593). Nothing in the statute Or its history indicates that the Legislature intended the crime to include some lesser element of mental culpability and insofar as it does so, it encroaches on the previously dismissed count charging respondent with criminal possession with intent to use it against another (Penal Law, § 265.01, subd [2]). Moreover, the inclusion of respondent’s behavior as an element of the crime introduces another subjective element and criminalizes conduct other than the possession of a knife when there is no indication the Legislature intended to do so. The provisions of the Penal Law are to be construed according to the fair import of their terms, but nothing suggests that section 265.05 encompasses possession in which subjective thoughts and behavior of the respondent are elements of the crime.
In the only other case in which this court considered the statute, we defined it by objective standards of size or modification (see Matter of Ricci S. (34 NY2d 775). Al *595 though that definition may not be entirely satisfactory, it is appropriate and should be followed until the Legislature amends the statute. It is not for this court to redefine the crime.
The order should be affirmed.
Chief Judge Cooke and Judges Jasen and Meyer concur with Judge Jones; Judge Simons dissents and votes to affirm in a separate opinion in which Judge Wachtler concurs.
Order reversed, without costs, and matter remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.